Rockingham, }
   Dec. 4, 1906. }

MURDOCK, *Guardian*, v. MURDOCK *&* a.

The adoption of a child by a husband and wife does not give him a right to an estate by the curtesy.

PETITION FOR PARTITION. Trial by the court and decree for the plaintiff. Transferred from the April term, 1906, of the superior court by *Chamberlin*, J.

Lydia A. Murdock died seized of the premises of which partition is sought. The only persons interested in the property are John C. Murdock, the decedent's husband, and Lena C. Yeaton, her daughter by a former marriage, who are the defendants, and Carrie L. Murdock, the plaintiff's ward and an adopted daughter of John and Lydia, who had no issue. John claimed an estate by the curtesy, and for that reason excepted to the denial of his motion to dismiss the petition.

*Edwin B. Weston,* for the plaintiff.

*John G. Crawford,* for the defendants.

YOUNG, J. If the language of section 9, chapter 195, Public Statutes, is given its ordinary meaning,—and there is nothing to show that the legislature intended to give it any other meaning,— John is not entitled to an estate by the curtesy. *Foster* v. *Marshall,* 22 N. H. 491. Although the fact that their adopted child takes more and he less than if she were their own child may have some tendency to prove that he ought to have such an estate, it has no tendency to prove that the legislature intended to give it to him, for he takes the same share of his wife's estate that he would if they had not adopted Carrie. P. S., *c.* 195, *s.* 12.

*Exception overruled.*

All concurred.